PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MYRA WILSON, | ) |
| | ) CASE NO. 1:19-CV-2238 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| FORD MOTOR COMPANY, *et al.*, | ) |
| | ) **MEMORANDUM OF OPINION** |
| Defendants. | ) **AND ORDER** |

*Pro se* Plaintiff Myra Wilson filed this action under Title VII, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, against her former employer Ford Motor Company ("Ford"), her former Ford supervisor[1] Dave McGlaughlin, insurance company Unicare, and the UAW Solidarity House. ECF No. 1. In her Amended Complaint (ECF No. 5), Plaintiff alleges she was harassed on the job and terminated from employment and seeks reinstatement of her employment and lost wages. Plaintiff also filed a motion to proceed *in forma pauperis*. ECF No. 2. For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* is granted and the case is dismissed.

## I. Background

Plaintiff alleges she was hired by Ford to work on the auto assembly line in 1993.[2]

---

[1] Although the Court refers to McLaughlin as a "supervisor" throughout the Order, the Court takes no position on whether he is legally a "supervisor" that could subject Ford Motor Company to vicarious liability under Title VII. *See Vance v. Ball State University*, 570 U.S. 421 (2013). The Court refers to McLaughlin as a "supervisor" for brevity.

[2] Plaintiff's factual allegations are difficult to follow as they do not appear to be chronological. For example, she alleges her difficulties with McLaughlin led to the termination of her employment

ECF No. 5 at PageID #: 15. She indicates she had no write-ups or poor performance reviews until McGlaughlin came to work in her department as the new engineer.[3] Id. Plaintiff contends he called a team meeting to discuss operating changes he wanted to implement. Id. Plaintiff publically disagreed with him in the meeting and told him she did not think his ideas would work. Id. She claims McGlaughlin retaliated against her by "spreading rumors that I propositioned him." Id. Plaintiff alleges he spread those rumors after he propositioned her and she rejected his advances. Id. He also wrote her up for poor or careless work. Id. At one point, she alleges he told her, "I'm going to get you. You are out of here." Id. at PageID #: 16. She further indicates she was placed on a job that did not fit her "ergonomically" and as a result she injured her right shoulder and required surgery. Id. at PageID #: 15-16. Plaintiff alleges she also suffered back spasms resulting in slipped and herniated discs. Id. at PageID #: 15-16. She claims her doctors prescribed sedentary work but her assignments did not meet that criteria. Id. at PageID #: 16. She states she was on short term disability and would have been eligible for long term disability under her contract if she had not been terminated from employment in June 2014. Id.

 Plaintiff contends she tried to be reinstated for four years with no success. Id. She

---

in 2014. ECF No. 5 at PageID #: 15-16. Then she states she was laid off for eight years and when she was recalled to work, McLaughlin threatened her. Id. at PageID #: 16. Only five years have passed since her termination in 2014. She also indicates she was off work on disability at some point but she does not specify how long she was out of work on disability leave. Id.

[3] Although Plaintiff does not indicate exactly when the issues with McLaughlin began, Plaintiff alleges she was fired on June 14, 2014. ECF No. 5 at PageID #: 16. All of her interactions with McLaughlin occurred before she was terminated. Id. at PageID #: 15.

(1:19-CV-2238)

contacted the National Labor Relations Board and filed a charge. *Id*. She indicates she was rehired on August 20, 2018. *Id*.

Plaintiff alleges that when she returned to work, she found a hostile work environment. *Id*. She claims that she was not properly trained for the job. *Id*. at PageID #: 17. Plaintiff contends her coworker opposite her on the line called her racially-charged and other derogatory terms and refused to do her share of the work, causing the line to stop. *Id*. She claims she became ill at the end of her shift and asked her supervisor[4] to cover for her the next days so that she could get her medication replaced. *Id*. Her supervisor rejected her request. *Id*. Plaintiff states that she called the Labor Relation Board[5] for the next three days and left messages. *Id*. She alleges she was fired on August 24, 2018. *Id*.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). An action has no arguable basis in law when a defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which

---

[4] Although she does not explicitly state so in the Amended Complaint, it appears this supervisor is someone other than McLaughlin. *See* ECF No. 5 at PageID #: 17.

[5] It is unclear from the Amended Complaint whether she is referring to the National Labor Relations Board or her Union's Labor Relations Board. ECF No. 5 at PageID #: 17.

clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that " a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

### III. Discussion

(1:19-CV-2238)

### A. Claims Against Defendants Unicare and UAW

As an initial matter, although Plaintiff names Unicare and the UAW Solidarity House as Defendants, she does not allege any facts that pertain to them and does not identify any legal claims she is seeking to assert against them. *See* ECF No. 5 at PageID #: 18. To satisfy minimum notice pleading requirements, the Complaint must give Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff's Amended Complaint does not meet these basic requirements with respect to these two Defendants. *See* ECF No. 5 at PageID #:18. Accordingly, the claims against Defendants Unicare and UAW must be dismissed.

### B. Claims Against McGlaughlin

The only claims identified in the pleading are claims under Title VII and the Title I of the ADA. Neither Title VII nor the ADA permit employees or supervisors to be sued in their individual capacities. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997)*; Williams v. McLemore*, 247 Fed.Appx. 1, 8 (6th Cir. 2007) ("We have held repeatedly that the ADA does not permit public employees or supervisors to be sued in their individual capacities."). Accordingly, Plaintiff's claims against McGlaughlin must be dismissed.

### C. Claims Against Ford Motor Company

#### 1. Most Claims are Time-Barred

Many of Plaintiff's claims against Ford are time-barred. The majority of incidents described in the Complaint occurred between when Plaintiff was hired in 1993 and when her employment was terminated in 2014. Plaintiff's employment was reinstated in 2018 for a brief

5

(1:19-CV-2238)

time. ADA claims are governed by a two-year statute of limitations. *McCormick v. Miami Univ.*, 693 F.3d 654, 662-64 (6th Cir. 2012). Under Title VII, a Plaintiff has up to 180 days, or in a deferral state such as Ohio, 300 days, to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(e)(1). She has 90 days to file an action in federal court after receiving her Right to Sue letter from the EEOC. *Id.* at §2000e-5(f)(1). Plaintiff does not indicate whether she filed an EEOC charge with respect to the incidents that occurred between 1993 and 2014. *See* ECF No. 5. Based on Plaintiff's allegations, it appears that statute of limitations for her ADA and Title VII claims arising in or before 2014 are time-barred by the applicable statute of limitations periods.

## 2. Failure to State a Claim Upon Which Relief Can Be Granted

Plaintiff fails to state a plausible Title VII or ADA claim upon which relief may be granted. Neither Title VII nor the ADA is "a general civility code for the American workplace." *Burnett v. Tyco Corp.*, 203 F.3d 980, 982 (6th Cir. 2000) (quoting *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S.75, 80 (1998)) (Title VII); *Rorrer v. City of Stow*, 743 F.3d 1025, 1046 47 (6th Cir. 2014) (ADA). They do not provide a cause of action for general bad behavior in the employment context. Instead, the statutes provide causes of action for discrimination based on race, color, religion, sex, or national origin for Title VII, and disability for the ADA. The central issue is whether employees in a protected class are exposed to disadvantageous terms or conditions of employment to which employees who are not in that protected class are not exposed, and that differential treatment is based on their membership in the protected class. *Oncale*, 533 U.S. at 80. At this juncture, Plaintiff is not required to plead her discrimination

6

(1:19-CV-2238)

claim with heightened specificity. See *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513-14 (2002). Nevertheless, she must still provide "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 677-78. "Even though a Complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegation in the complaint are true." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555.).

### a. Claims from 2014

Plaintiff's Amended Complaint never rises above the speculative level regarding her ADA claim and race discrimination claim under Title VII. She alleges her troubles began when she publicly disagreed with her supervisor in a team meeting telling him his ideas would not work. ECF No. 5 at PageID #: 15. Plaintiff does not indicate specifically what condition she has that qualifies as a disability under the ADA and her only reference to her race is the epithet used by a co-worker four years later after she was reinstated. *Id*. at PageID #:17. There is no suggestion in the Amended Complaint that her race or her disability was a factor in her employer's decision to fire her in 2014.

The only claim Plaintiff might provide sufficient facts for is her sex discrimination claim under Title VII. Plaintiff claims she rejected McLaughlin's advances and that he, in turn, spread false rumors about her, wrote her up for poor or careless work, and at some point told her, "I'm

(1:19-CV-2238)

going to get you. You are out of here."[6] *Id*. at PageID #: 16. She also claims she filed grievances but Ford ignored them. *Id*. Employers may be vicariously liable under Title VII if an employee's supervisor creates a hostile work environment. *Vance*, 570 U.S. at 424 ; *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998). But the Court need not even decide whether McLaughlin was a supervisor or whether Ford is vicariously liable. As explained above, because all of McLaughlin's acts that could subject Ford to vicarious liability occurred in 2014, these claims are time-barred.

### b. Claims from 2018[7]

With regard to Plaintiff claims stemming from after she was reinstated and then terminated again in 2018, she does not provide sufficient facts to subject Ford to liability under Title VII or the ADA. She claims her co-worker used a racial slur and Plaintiff asked her supervisor to cover for her the next day while she got medication. *Id*. at PageID #: 17. She was terminated three days later. *Id*. Again, she does not explain what condition she has that qualifies as a disability, or why she believes her employer's actions were motivated by her race or sex. Even if the Court considers Plaintiff's co-worker's use of a racial slur or other demeaning

---

[6] It is unclear from the Amended Complaint whether McLaughlin made this statement to her before she was terminated from Ford in 2014 or when she was placed at another plant "on an inverse layoff." ECF No. 5 at PageID #: 16.

[7] Plaintiff does not indicate whether she filed a charge with the EEOC after she was terminated in 2018. *See* ECF No. 5 at PageID #: 17-18. This is not a proper ground for dismissal at the screening stage, however, because Title VII's requirement to file a charge with the EEOC before filing an action in federal court is a dispositive defense but not a jurisdictional requirement. *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1852 (2019) ("In sum, a rule may be mandatory without being jurisdictional, and Title VII's charge-filing requirement fits that bill.")

(1:19-CV-2238)

comments, Ford is not subject to liability under Title VII unless Plaintiff can demonstrate her employer was negligent or knew or should have known of the conduct. *Vance*, 570 U.S. at 424; 29 C.F.R. § 1604.11(d) (also applies with equal force to discrimination based on race). Plaintiff does not indicate whether she reported this to her supervisor, Ford's Human Resources department, or whether her supervisor or employer was aware of what transpired with her co-worker. ECF No. 5 at PageID #: 17. Plaintiff fails to provide any facts that suggest her employer was aware of, should have been aware of, or was negligent in handling her co-worker's behavior. This is not sufficient to cross the threshold of basic pleading requirements in federal court. *See* Fed. R. Civ. P. 8 (Complaint must provide "a short and plain statement of the claim" made by "simple, concise, and direct allegations."); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987) (legal conclusions alone are not sufficient to present a valid claim, and court is not required to accept unwarranted factual inferences).

## IV. Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| November 8, 2019 | /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |